IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BILLIE JOE CHAPMAN, | ) <br> ) |
| Petitioner, | ) <br> ) |
| v. | )     Case No. 1:24-cv-01106-STA-jay <br> ) |
| CHANCE LEEDS, | ) <br> ) |
| Respondent. | ) <br> ) |

**ORDER DISMISSING GROUND TWO; DIRECTING RESPONDENT TO FILE A LIMITED RESPONSE; DENYING CERTAIN PENDING MOTIONS (ECF NOS. 1-1, 3, 8, 10, 13, 18, 19, 20, & 21); GRANTING MOTION TO CHANGE WARDEN (ECF NO. 9) AND MOTION TO SUBMIT EVIDENCE OF EXHAUSTION (ECF NO. 11); AND DIRECTING CLERK TO MODIFY DOCKET, TERMINATE MOTIONS (ECF NOS. 12 & 14), AND MAIL FORM**

Before the Court are the *pro se* habeas corpus petition under § 2254 (ECF No. 1) filed by Petitioner Billie Joe Chapman, Tennessee Department of Correction ("TDOC") prisoner number 633331, an inmate at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee; four motions to appoint counsel (ECF Nos. 1-1, 3, 8, 18) and nine other motions filed between June 24, 2024, and December 16, 2024, requesting various forms of relief (ECF Nos. 9-14, 19-21).

I.     **THE HABEAS PETITION**

On May 7, 2024, Petitioner filed a *pro se* habeas corpus petition under § 2254 on the official form. (ECF No. 1.) Petitioner was convicted in the Circuit Court of Madison County, Tennessee in Case Numbers 21-42 and 21-407 for burglary, theft, vandalism, and possession of a firearm. (*Id.* at PageID 2.) Petitioner seeks "[t]o dismiss illegal/invalid conviction" and his immediate release. (*Id.* at PageID 13.)

Petitioner alleges that he did not plead guilty and that he did not know what was happening during the plea hearing. (*Id.* at PageID 2.) He asserts that he was on antipsychotic and psychotropic drugs and undergoing mental health treatment when he pled and that he merely followed his attorney's cues to say yes and no. (*Id.* at PageID 2, 6-7.) Petitioner contends that his plea was forced and "compelled by trickery." (*Id.* at PageID 3.) Petitioner states that he "never said or pled guilty or nolo contendere on record." (*Id.* at PageID 7.) (*See* Ground One, "Involuntary Plea".)

Petitioner asserts that Judge Allen and City Judge Anderson had conflicts of interest and should have been disqualified. (*Id.* at PageID 7.) (*See* Ground Two, "Judges' Conflicts".)

Petitioner asserts that he was "illegally taken/kidnapped out of jail" on or about February 25, 2021, and taken to Jackson General Hospital, tied to a bed, forced to take mind-altering drugs, and civilly committed by the Court for treatment in violation of his liberty. (*Id.* at PageID 9.) (*See* Ground Three, "Forced Medication & Commitment".)

The Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") require the Court to conduct a preliminary review of the petition to determine what a response is required. *See* Habeas Rule 4. The § 2254 Petition is now before the Court for preliminary review.

Habeas Rule 2(c) states that a petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." *See McFarland v. Scott*, 512 U.S. 849, 860 (1994) ("the habeas petition, unlike a complaint, must allege the factual underpinning of the petitioner's claims"); *see Mayle v. Felix*, 545 U.S. 644, 669 (2005) (same). In Ground Two, Petitioner fails to state sufficient facts supporting his assertion that the judges should have been disqualified. Further, a federal court may entertain an application for a writ of habeas corpus on

behalf of a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner has failed to state how his constitutional rights were violated based on the Judges' Conflicts. For these reasons, the allegations in Ground Two are **DISMISSED**, and the Court will not require a response for that ground for relief.

It is **ORDERED**, pursuant to Habeas Rule 4, that Respondent file a limited response/answer within 28 days of the entry of this Order addressing, at a minimum, timeliness, exhaustion, and the merits of Grounds One and Three of the § 2254 Petition. The answer shall include the relevant portions of the state court record, organized and appropriately indexed, as required by Administrative Order 16-31.[1]

Pursuant to Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's answer or response within 28 days of service. Petitioner may request an extension of time to reply if his motion is filed on or before the due date of his reply. The Court will address the merits of the § 2254 Petition, or of any motion filed by Respondent, after the expiration of Petitioner's time to reply, as extended.

It is **ORDERED** that the Clerk shall send a copy of the Petition (ECF No. 1) and this Order to the Respondent and the Tennessee Attorney General and Reporter by certified mail. See Habeas Rule 4.

---

[1] The party filing a document has the burden of ensuring the proper protection of sensitive information and taking measures to seal such information where appropriate. *See* Electronic Case Filing Attorney User Manual for the United States District Court, Western District of Tennessee, Section I.A.13; *see also* Electronic Case Filing Policies and Procedures Manual for the United States District Court Western District of Tennessee, Section 8 Sealed Documents, https://www.tnwd.uscourts.gov/sites/tnwd/files/LocalRules.pdf (last accessed Jan. 17, 2025).

## II.   THE PENDING MOTIONS

Petitioner has multiple pending motions before the Court requesting appointment of counsel, clarifying issues, asking the Court to act, and seeking other forms of relief.  (*See* ECF Nos. 1-1, 3, 8-14, 18-21.)

### A.   Appointment Of Counsel

Petitioner has requested the appointment of counsel in four separate motions.  (ECF Nos. 1-1, 3[2], 8, 18.)  He asserts that he is "mentally disabled from birth" and has been in mental hospital[]s all his life."  (ECF No. 1-1 at PageID 15; *see* ECF No. 8 at PageID 105; ECF No. 18 at PageID 165(petitioner was "civilly committed during the prosecution" is "mentally/disabled/not competent without being on drugs").)  He attaches a Certificate of Need asserting that, as of March 9, 2021, he had been diagnosed with major depressive disorder, recurrent episode, with psychotic feature and unspecified bipolar and related disorders.  (ECF No. 1-2 at PageID 18-19.)

The Sixth Amendment right to the appointment of counsel in criminal cases "extends to the first appeal of right, and no further."  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Prisoners do not have a constitutional right to counsel when mounting collateral attacks on their convictions.  *Id.*  "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); *see* 18 U.S.C. § 3006A(a)(2)(B) (stating that counsel may be appointed for persons seeking relief under § 2254 who are financially eligible whenever the court determines "that the interests of justice so require").  The appointment of counsel is mandatory when an evidentiary hearing is required.  *See* Rule 8(c) of the Rules

---

[2] The May 7, 2024 motion for appointment of counsel (ECF No. 3) is a duplicated of the initial motion (ECF No. 1-1).

Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). The appointment of counsel is required in habeas cases only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney. *Rogers v. Skipper*, 811 F. App'x 986 (6th Cir. 2020) (mem.) Where, as here, the prisoner is acting pro se, "[t]he exceptional circumstances justifying the appointment of counsel . . . occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim." *Id*.

The Court is not persuaded that appointment of counsel would be in the interests of justice at this time. Pro se prisoners routinely file and litigate § 2254 petitions, and Petitioner has made no showing that his case is factually or legally complex or unusual. Petitioner has successfully communicated the issues he seeks to present in his petition. Appointment of counsel (*see* ECF Nos. 1-1, 3, 8, 18) is therefore **DENIED**. If a hearing is required, counsel will be appointed to represent Petitioner without the filing of a motion.

### B. Motion to Change Warden

On June 24, 2024, Petitioner filed a motion to change the warden from Mr. Sexton to Mr. Adams. (ECF No. 9.) The respondent named on the docket is Chance Leeds. The proper respondent to a habeas petition is the petitioner's custodian, HCCF Warden Robert Adams, Jr. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-435 (2004); *see* Tennessee Department of Correction, [Hardeman County Correctional Facility](#) (last visited Jan. 17, 2025). Petitioner's motion (ECF No.

9) is **GRANTED**. The Clerk shall record the respondent as HCCF Warden Robert Adams, Jr. The Clerk shall terminate all references to Chance Leeds as the respondent.

### C.     Motions For The Court to Act

On July 1, 2024, Petitioner filed a motion for the court to act or intervene because defendant and the State "lie, avoid the issu[e]s of a Mentally Disable[d] American prejudic[i]ally – and Violate the State Laws, Procedures, Polic[ie]s, Programs, etc." (ECF No. 10.) He alleges that the State violates the "written laws of the land" and falsely imprisoned him because no plea was made on any plea agreement. (*Id.* at PageID 117.) He requests that the Court act on his claims. (*Id.* at PageID 118.) On November 21, 2024, Petitioner filed a motion for review of petition and exhibits asking that the Court review his petition and exhibits and order his release. (ECF No. 20 at PageID 177-78.)

The Court has conducted a preliminary review of the petition and ordered a response, *see supra*. The case is proceeding. However, it is not ripe for resolution until the Respondent has filed his response. For these reasons, Petitioner's motions (ECF Nos. 10 & 20) are **DENIED**.

### D.     Motion to Submit Evidence of Exhaustion

On July 18, 2024, Petitioner filed a motion to submit evidence to show exhaustion of remedies on all claims and sabotage by his post-conviction attorney J. Colin Morris. (ECF No. 11; *see* ECF No. 1 at PageID 12.) Petitioner provides a narrative about events in the state habeas and/or post-conviction proceedings. (*See* ECF No. 11.) Petitioner also provides copies of documents from his state court proceedings. (*See* ECF No. 11-1.) Petitioner's motion (ECF No. 11) is **GRANTED**. These documents (ECF No. 11-1) will be considered as a supplement to the § 2254 Petition.

### E.    Circuit Court Motion for Recusal

On July 31, 2024, Petitioner filed a document with a style for his case in the Circuit Court of Madison County addressing the recusal of Judge Ward. (ECF No. 12.) This document appears to be mistakenly filed in the federal court. The Clerk is **DIRECTED** to terminate the motion.

### F.    Motions About Alleged Civil Rights Violations

On August 2, 2024, Petitioner filed a motion concerning his legal mail and denial of access to the prison law library. (ECF No. 13.) On December 16, 2024, Petitioner filed a motion for injunction and/or a temporary restraining order because CoreCivic employees at HCCF deny Petitioner access to the law library; refuse him proper forms and assistance, refuse to provide a certified trust fund account statement; have sexually assaulted Petitioner; have him on lock-down more than twenty-three (23) hours a day, seven days a week; and deny him five free mailings and indigent stamped envelopes. (ECF No. 21 at PageID 182-83.) Petitioner requests that the Court order HCCF employees to cause Petitioner no further harm. (*Id.* at PageID 183.)

To the extent Petitioner seeks relief on these claims, they should be brought in a civil rights action, not this habeas proceeding. Petitioner's motions (ECF Nos. 13 and 21) are **DENIED**, and the Clerk is **DIRECTED** to mail Petitioner a Complaint Form for civil rights violations under 42 U.S.C. § 1983.

### G.    Moton to Clarify

On August 23, 2024, Petitioner filed a motion to inform the Court that no issues have changed since the filing of the petition, which was docketed as a "Motion to Clarify". (ECF No. 14.) He continues to assert that no plea was made; he was on psychotropic and anti-psychotic drugs; and Morris refused to address all issues. (*Id.* at PageID 149-51.) This document reasserts

Petitioner's position and requires no further response from the Court. The Clerk is **DIRECTED** to terminate the motion.

### H. <u>Motion For Hearing</u>

On November 8, 2024, Petitioner filed a motion to set hearing and transport to Court. (ECF No. 19.) He requests a hearing date and time. (*Id.* at PageID 172.) A hearing is not required at this time. In the event that the Court finds that a hearing is necessary, Petitioner will be notified and transport arranged. Petitioner's motion is **DENIED**.

The Court will not consider further motions from Petitioner until after Respondent has filed his response.

**IT IS SO ORDERED**.

<pre>
                              s/ S. Thomas Anderson
                              S. THOMAS ANDERSON
                              UNITED STATES DISTRICT JUDGE


                              Date: January 21, 2025
</pre>