# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

|   |   |   |
|---|---|---|
| BILLIE JOE CHAPMAN, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 1:24-cv-01106-STA-jay |
| ROBERT ADAMS, JR., | ) | |
| Respondent. | ) | |

### ORDER DIRECTING CLERK TO MODIFY DOCKET,
### ADDRESSING PENDING MOTIONS, AND ISSUING SANCTIONS WARNING

On May 7, 2024, Petitioner Billie Joe Chapman, Tennessee Department of Correction prisoner number 633331, an inmate incarcerated at the Hardeman County Correctional Facility (the "HCCF"), in Whiteville, Tennessee, filed a *pro se* petition under 28 U.S.C. § 2254. (ECF No. 1.) On preliminary review, the Court construed the § 2254 petition as raising three grounds for relief. (*See* ECF No. 22 at PageID 188.) First, Petitioner alleged that his guilty plea to state charges for burglary, theft, vandalism, and possession of a firearm was involuntary because he was on antipsychotic and psychotropic drugs at the time of his plea hearing. (*Id*. at PageID 187-88; ECF No. 1 at PageID 2, 6-7.) Second, Petitioner alleged that two judges involved in his state criminal case should have been disqualified based on unspecified conflicts of interest. (ECF No. 22 at PageID 188; ECF No. 1 at PageID 7-8.) Finally, Petitioner alleged that he was forcibly medicated and was civilly committed "without court or judge's order first" in violation of his liberty. (ECF No. 22 at PageID 188; ECF No. 1 at PageID 3.)

The Court determined that Petitioner had failed to state sufficient facts in support of his claim that the two judges involved in his state criminal case should have been disqualified. (ECF No. 22 at PageID 188.) Petitioner also failed to allege a constitutional violation based on the judges' alleged conflicts. (*Id*. at PageID 189.) The Court dismissed Petitioner's claim about the judges' alleged conflicts of interest and ordered Respondent to file a "limited response/answer" addressing Petitioner's remaining two grounds for relief. (*Id*. at PageID 189.)

Respondent filed an answer and the state court record on February 10, 2025. (ECF Nos. 26 & 27.) Respondent argues that Petitioner's remaining two grounds should be dismissed because they are procedurally barred. (ECF No. 27 at PageID 901-05.) Petitioner filed a response to Respondent's answer on February 27, 2025. (ECF No. 38.)

Petitioner has filed 23 motions requesting various forms of relief between February 10, 2025, and March 5, 2025. (*See* ECF Nos. 29-37, 39-52.) Those motions (referred to collectively as the "Pending Motions") request relief as follows:

(1) **Motion for Preliminary Injunction**: claiming that Petitioner is being "refused proper legal access" at the HCCF because of problems with the prison mailroom, denial of access to the prison law library, and extended periods spent in administrative segregation (ECF No. 29);

(2) **Motion for Recusal**: seeking to recuse the undersigned District Judge as "biased" and "no[t] fair" based on the dismissal of Petitioner's previous habeas petition in *Chapman v. Wardlow*, No. 1:22-cv-01203-STA-jay (W.D. Tenn.) (ECF No. 30);

(3) **Motion to Change Respondent**: notifying the Court that there is a new warden at the HCCF and asking the Court to update Respondent (ECF No. 31);

(4) **Motion for Violation of Venue**: asking the Court to declare that the Madison County Circuit Court had no jurisdiction over his state criminal case (ECF No. 32);

(5) **Motion to Enter Exhibits**: seeking to enter copies of Tennessee Rules of Criminal Procedure 11 & 12 as exhibits to his § 2254 petition (ECF No. 33);

(6) **Motion to Submit Evidence of Exhaustion of State Remedies**: seeking to enter various orders from Tennessee state courts in Petitioner's state post-conviction proceedings (ECF No. 34);

(7) **Motion for Reconsideration**: asking the Court to reconsider the dismissal of Petitioner's claim on preliminary screening that two judges involved in his underlying criminal case should have been disqualified based on conflicts of interest (ECF No. 35);

(8) **Motion to Respond to Answer**: providing additional argument on Petitioner's claim of a conflict of interest that was dismissed by the Court on preliminary review (ECF No. 36);

(9) **Second Motion for Reconsideration:** duplicate of motion at ECF No. 35 (ECF No. 37);

(10) **Motion for Discovery**: requesting production of medical records from the HCCF and from the Western State Mental Institution, which Petitioner argues will support his claim that he was not competent at the time he pleaded guilty to state court criminal charges (ECF No. 39);

(11) **Motion to Submit Evidence of Exhaustion of State Remedies**: duplicate of motion at ECF No. 34 (ECF No. 40);

(12) **Motion to State Exhaustion**: seeking to enter as exhibits Petitioner's state post-conviction appellate brief and the written opinion and judgment of the Tennessee Court of Criminal Appeals, affirming the denial of his application for state post-conviction relief (ECF No. 41);

(13) **Motion to Enter Exhibit**: seeking to enter the plea petitions and transcript from Petitioner's guilty plea hearing as an exhibit to the § 2254 petition (ECF No. 42);

(14) **Motion to Enter Exhibit**: duplicate of ECF No. 33 (ECF No. 43);

(15) **Motion to Respond to Answer**: repeating argument from Petitioner's § 2254 petition that his guilty plea was involuntary and attaches an excerpt from Tennessee Code Annotated § 33-7-301 and a law review article about administering psychotropic drugs to incompetent defendants (ECF No. 44);

(16) **Motion in Response to Answer**: claiming that unspecified caselaw cited in Respondent's answer "does not say what [Respondent's attorney] says" and that the cited caselaw does not "have the same issues" as Petitioner's case (ECF No. 45);

(17) **Motion for Discovery**: requesting production of "all records" from Petitioner's state criminal case, transcripts from state court hearings, and medical records from Jackson General Hospital and the Western State Mental Institution (ECF No. 46);

(18) **Motion to Respond to Answer**: providing further argument on Petitioner's claim of a conflict of interest that was dismissed by the Court on preliminary review (ECF No. 47)

(19) **Motion in Response to Answer**: raising new claims that his state court convictions violate the prohibition against double jeopardy and that his state court mental health evaluation was somehow invalid because it was allegedly conducted over the phone (ECF No. 48)

(20) **Motion for Extension of Time**: requesting "more time to send responses and exhibits/documents to prove claims are true" (ECF No. 49);

(21) **Motion to Enter Exhibits**: seeking to enter documents from a civil rights case Petitioner filed in the Hardeman County Circuit Court (ECF Nos. 50 & 50-1);

(22) **Motion for Miscellaneous Relief**: asking the Court "to state [that] all motions[,] exhibits[,] [and] evidence has been sent to the Attorney General's Office." (ECF No. 51);

(23) **Motion to Inform the Court**: seeking to update the Court on status of cases pending in the Tennessee Court of Criminal Appeals and the Hardeman County Circuit Court (ECF No. 52)

Petitioner's Pending Motions are before the Court:

### Motion for Preliminary Injunction

Petitioner moves for a preliminary injunction, on the ground that he is being "refused proper legal access" at the HCCF. (ECF No. 29 at PageID 914.) Petitioner complains about problems with the mailroom's handling of his legal mail; extended periods spent in administrative segregation; denial of access to the prison law library; and denial of access to materials to pursue his litigation such as pens, paper, and envelopes. (*Id*. at PageID 914-16.)

Petitioner seeks an order from this Court directing the HCCF to "make [the] law library accessible" to Petitioner, enjoining the HCCF's mailroom from "refus[ing] [Petitioner's] outgoing mail," and ordering the HCCF to make materials such as "pen, paper, envelopes, [and] caselaw" available to Petitioner." (*Id*. at PageID 919-20.)

Petitioner has previously sought injunctive relief on these grounds. (*See* ECF No. 21.) The Court denied Petitioner's motion on preliminary review of the § 2254 petition, explaining that "[t]o the extent that Petitioner seeks relief on these claims, they should be brought in a civil rights action, not this habeas proceeding." (ECF No. 22 at PageID 193.) Petitioner's present motion (ECF No. 29) is **DENIED** for the same reason.

### Motion for Recusal

Petitioner moves for the undersigned District Judge to be recused from the case. (ECF No. 30.) Petitioner cites no statutory authority or caselaw in support of his motion. (*See id*.) Petitioner makes only the conclusory assertion that there is "prejudice [and] bias" from this Court because the Court dismissed Petitioner's previous habeas petition in *Chapman v. Wardlow*, No. 1:22-cv-01203-STA-jay (W.D. Tenn.), based on Petitioner's failure to file a timely amended § 2254 petition. (*See id*. at PageID 925, 927.)

Under 28 U.S.C. § 455(a), a judge shall be disqualified "in any proceeding in which his impartiality might reasonably be questioned." Circumstances under which a judge must disqualify himself include circumstances where a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

A judge must be recused if, knowing all of the circumstances, a reasonable, objective person would question the judge's impartiality. *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). "The standard is an objective one; hence, the judge need not recuse himself based on the subjective view of a party no matter how strongly that view is held." *Id*. (internal quotation marks and citation omitted).

A judge's participation in the proceedings or prior contact with related cases cannot support a demand for recusal. *Id*. "A judge is presumed to be impartial, and a litigant seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge." *United States v. Adams*, 38 F.3d 1217, 1994 WL 589509, at *2 (6th Cir. 1994).

Petitioner has failed to allege facts sufficient to meet his burden. Petitioner argues for recusal based on the Court's dismissal of his previous § 2254 petition based on failure to prosecute. (*See* ECF No. 30 at PageID 925-27.) Petitioner's dissatisfaction with the Court's ruling in another case is insufficient to satisfy the objective standard for recusal. *See Sammons*, 918 F.2d at 599. Petitioner's motion for recusal (ECF No. 30) is **DENIED**.

**Motion to Change Respondent**

Petitioner moves the Court to change Respondent Warden from Robert Adams, Jr., to Chance Leeds. (ECF No. 31.) Petitioner states that Warden Adams was terminated and is no longer the warden at the HCCF. (*Id*. at PageID 932.)

The proper respondent to a habeas petition is the petitioner's custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-435 (2004). Petitioner is incarcerated at the HCCF where Chance Leeds now serves as warden. *See* [Tennessee Department of Correction, Hardeman County Correctional Facility](#) (tn.gov) (last visited March 14, 2025). Petitioner's motion (ECF No. 31) is **GRANTED**. The Clerk is **DIRECTED** to record the respondent as Chance Leeds and terminate all references to Robert Adams, Jr.

**Motion for Violation of Venue**

Petitioner has filed a Motion for Violation of Venue, but despite the title, Petitioner's motion argues that the Madison County Circuit Court had no jurisdiction over Petitioner's state criminal case. (ECF No. 32 at PageID 935.) Petitioner does not argue that venue is inappropriate, nor does he elaborate on his contention that the state trial court lacked jurisdiction over his underlying criminal proceedings. Petitioner merely reurges his claim that his guilty plea was invalid because he was "on forced drugs" as the time of his plea. (*Id.* at PageID 937.)

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires that a habeas petition "specify all the grounds for relief available to the petitioner [and] state the facts supporting each ground." Petitioner's motion fails to allege sufficient facts to support a habeas claim challenging the state trial court's jurisdiction over Petitioner's underlying criminal proceedings, and the Court declines to construe Petitioner's motion as a motion to amend or supplement his § 2254 petition. Accordingly, the motion (ECF No. 32) is **DENIED**.

6

**Motions for Reconsideration**

Petitioner has filed a motion asking the Court to reconsider its dismissal on preliminary review of Petitioner's claim that two judges involved in his underlying state criminal case should have been disqualified based on conflicts of interest. (ECF No. 35). Petitioner filed a second motion for consideration that is nearly identical to his first motion. (*See* ECF No. 37.)

On preliminary review of Petitioner's § 2254 petition, the Court dismissed Petitioner's claim regarding alleged conflicts of interest because "Petitioner fail[ed] to state sufficient facts supporting his assertion that the judges should have been disqualified. (ECF No. 22 at PageID 188.) The Court dismissed the claim for the additional reason that Petitioner "failed to state how his constitutional rights were violated" based on the alleged conflicts and, therefore, had not alleged a cognizable claim under § 2254. (*Id*. at PageID 189.)

Petitioner seeks reconsideration of a screening order, which is an interlocutory order of the Court. Although the Federal Rules of Civil Procedure do not expressly permit reconsideration of these types of orders, the Sixth Circuit has recognized that district courts may reconsider them under Federal Rule of Civil Procedure 54(b). *See, e.g.*, *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *Palmer v. Bagley*, 330 F. App'x 92, 105 (6th Cir. 2009)). Rule 54(b) states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959 (citation and

7

footnote omitted).  Petitioner does not challenge the substance of the Court's screening order, nor does he point to any new evidence in support of his claimed conflicts of interest.  (*See* ECF Nos. 35 & 35-1.)  There has been no intervening change of controlling law, and Petitioner has not demonstrated any clear error or manifest injustice.  *See Rodriguez*, 89 F. App'x at 959.

Further, even with the filing of these motions, Petitioner has not alleged sufficient facts to show a violation of his constitutional rights or present a cognizable habeas claim.  *See* Habeas Rule 2(c); *see also* 28 U.S.C. § 2254(a) (stating that district court "shall entertain" a habeas petition where state prisoner alleges that "he is in custody in violation of the Constitution or laws or treaties of the United States").

Petitioner's motions for reconsideration (ECF Nos. 35 & 37) are **DENIED**.

**Motions to Enter Exhibits & Submit Evidence of Exhaustion**

Petitioner has filed several motions seeking to enter evidence in support of his § 2254 petition and in support of his contention that he has exhausted his state court remedies. (*See* ECF Nos. 33-34, 40-43, 50)  First, Petitioner moves to enter copies of Tennessee Rules of Criminal Procedure 11 & 12 as exhibits to his § 2254 petition.  (ECF No. 33.)  Petitioner does not state why these exhibits are relevant to his § 2254 petition.  He merely recites his argument from his § 2254 petition that he "never made a plea" because he "was on forced mind altering drugs." (*Id*. at PageID 942.)  Accordingly, the motion (ECF No. 33) is **DENIED**.  Petitioner has filed a duplicate of the motion at ECF No. 43, and that motion is likewise **DENIED**.

Next, Petitioner seeks to enter various materials from his state court criminal case and his state post-conviction proceedings.  (*See* ECF Nos. 34, 40-42.)  The evidence that Petitioner seeks to enter is part of the state court record filed by Respondent as shown by the table below.

8

| Petitioner's Motion | State Court Record |
|---|---|
| ECF No. 34 | ECF No. 26-12 |
| ECF No. 40* | ECF No. 26-12 |
| ECF No. 41 | ECF Nos. 26-4, 26-6, 26-8 |
| ECF No. 42 | ECF No. 26-3 |

*Indicates duplicate motion

Petitioner's motions at ECF Nos. 34, 40-42 are **DENIED**.

Petitioner also moves to enter as exhibits documents from a civil rights case Petitioner filed in the Hardeman County Circuit Court (ECF Nos. 50 & 50-1). These materials are not relevant to Petitioner's § 2254 petition. Petitioner's motion (ECF No. 50) is **DENIED**.

**Motions to Respond to Answer**

The Court allowed Petitioner to file a reply to Respondent's answer or response within 28 days of service. (ECF No. 22 at PageID 189.) On February 27, 2025, Petitioner filed a "Response Motion to Show and Court Take Notice [of] Exhaustion of State Remedies," which the Court construes as a reply. (*See* ECF No. 38.) Petitioner has filed several other motions asking to respond to Respondent's answer to the § 2254 petition. (*See* ECF Nos. 36, 44-45, 47-48.)

In two motions, Petitioner provides additional vague, conclusory allegations about his claimed conflict of interest, which the Court dismissed on preliminary review. (*See* ECF Nos. 36 & 47.) For example, Petitioner states in a conclusory fashion that "both judges in [his] criminal case" had a conflict of interest and should have been "disqualified from the beginning." (ECF No. 36 at PageID 1007.) Petitioner also alleges without specifics that "City Court Judge Anderson" had "a conflict" and should have been "disqualified" from Petitioner's state criminal case. (ECF No. 46 at PageID 1189.) The allegations in these two motions do not present sufficient facts to show a violation of Petitioner's constitutional rights or present a cognizable habeas claim. *See* Habeas Rule 2(c); *see also* 28 U.S.C. § 2254(a). The Court declines to construe Petitioner's

9

motions as requests to amend or supplement his § 2254 petition. Accordingly, Petitioner's motions (ECF Nos. 36 & 47) are **DENIED**.

In Petitioner's next motion, Petitioner repeats his claim from his § 2254 petition that his guilty plea was involuntary and attaches an excerpt from Tennessee Code Annotated § 33-7-301 and a law review article about administering psychotropic drugs to incompetent defendants. (ECF No. 44.)  Petitioner does not explain why these attachments are relevant to his § 2254 petition, and the motion provides no additional allegations in support of Petitioner's claim that his guilty plea was involuntary. Petitioner's motion (ECF No. 44) is **DENIED** as redundant.

In another motion, Petitioner claims that unspecified caselaw cited in Respondent's answer "does not say what [Respondent's attorney] says" and that the cited caselaw does not "have the same issues as Petitioner's case." (ECF No. 45.) Petitioner does not explain how Respondent has misrepresented the caselaw in Respondent's answer or explain how the cited caselaw is distinguishable. Petitioner's motion is **DENIED**.

Petitioner's final motion to respond to Respondent's answer raises new claims that his state court convictions violate the prohibition against double jeopardy, and that his state court mental health evaluation was somehow unlawful because it was conducted over the phone. (ECF No. 48.) Because Petitioner did not include these claims in his § 2254 petition, the Court construes Petitioner's motion as a motion to amend his petition.

Federal Rule of Civil Procedure 15 applies to Petitioner's motion to amend his § 2254 petition. *See* Habeas Rule 12 (stating that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules"). Under Rule 15, "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). When evaluating the interests of justice, the

10

Court considers the following factors, "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Wade v. Knoxville Utilities Bd*., 259 F.3d 452, 458 (6th Cir. 2001); *see Woolbright v. Crews*, No. 18-5131, 2018 WL 7247245, at *4 (6th Cir. July 9, 2018) (considering factors in context of motion to amend § 2254 petition).

"A motion for leave to amend may be denied for futility if the court concludes that the pleading as amended could not withstand a motion to dismiss." *Midkiff v. Adams Cnty. Reg'l Water Dist*., 409 F.3d 758, 767 (6th Cir. 2005) (internal quotation marks and citation omitted). Amendment would be futile in the context of a habeas petition where the petitioner's claims are time-barred [under § 2244(d)(1)'s one-year statute of limitations] and do not relate back to the original petition. *See Wiedbrauk v. Lavigne*, 174 F. App'x 993, 999-1000 (6th Cir. 2006).

An amendment relates back to the date of the original petition when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading" Fed. R. Civ. P. 15(c)(1)(B). "[W]hen a prisoner files an original petition within the one-year deadline, and later presents new claims in an amended petition filed after the deadline passes, the new claims relate back to the date of the original petition if the new claims share a common core of operative facts with the original petition." *Hill v. Mitchell*, 842 F.3d 910, 922 (6th Cir. 2016) (internal quotation marks and citation omitted). An amendment does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those in the original pleading." *Id*. (internal quotation marks and citation omitted). Any "new" facts generally may differ only in specificity (not in kind) from those originally alleged. *Watkins v. Stephenson*, 57 F.4th 576, 581 (6th Cir. 2023).

11

Petitioner's new claims were not presented in the state courts, are raised for the first time in the federal habeas proceedings nearly a year after the case was initiated, do not relate back to the original § 2254 petition, and are untimely.[1]  For these reasons, amendment would be futile. Petitioner's motion (ECF No. 48) is **DENIED**.

---

[1] Petitioner raised a related claim of ineffective assistance of counsel in his post-conviction appeal, arguing that counsel was deficient for failing to have petitioner "properly evaluated for competency and insanity." *Chapman v. State*, No. W2022-01333-CCA-R3-PC, 2023 WL 5572932, at *5 (Tenn. Crim. App. Aug. 29, 2023).  In particular, Petitioner claimed that trial counsel was deficient for failing to request an in-person forensic evaluation to determine Petitioner's mental state. *See id*.  The Tennessee Court of Criminal Appeals rejected Petitioner's claim of ineffective assistance of counsel. *Id*. at *5.  Although Petitioner claimed that an in-person evaluation "would have created a different outcome," Petitioner failed to present evidence to support his claim at the post-conviction hearing and, therefore, could not demonstrate prejudice. *Id*.

Petitioner's motion at ECF No. 48 raises a different claim.  Petitioner states that the "mental health doctor did [a] phone call mental exam [sic]," and then Petitioner questions whether "that is legal."  (ECF No. 48 at PageID 1197.)  Petitioner appears to challenge the process by which his competency was evaluated, but he does not allege that counsel was ineffective for failing to request that the evaluation be performed in person.

Petitioner did not raise a challenge to the process used to evaluate his competency in his post-conviction appeal.  *See Chapman*, 2023 WL 5572932, at *5.  The issue is unexhausted, and Tennessee's post-conviction procedural law would bar any attempt at proper exhaustion. Petitioner is limited to one post-conviction proceeding under Tennessee law, which he has already pursued.  *See* Tenn. Code Ann. § 40-30-102(c).  The claim also fails to satisfy the four criteria in Tennessee Code Annotated § 40-30-117(a) for reopening post-conviction proceedings.

Petitioner's claim is also not a proper basis for state habeas corpus relief, which "has always been . . . a very narrow procedure." *Luttrell v. State*, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982).  Under Tennessee law, habeas corpus relief is only available when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).  Petitioner's new claim does not fall within either of these categories.

Because Petitioner no longer has an available state court remedy to exhaust his claim, it is procedurally defaulted and barred from habeas review.  *See Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (holding that Tennessee prisoner's claim was procedurally defaulted "because he failed to present the claim to the state courts and no state court remedies remain[ed] available").

**Motions for Discovery**

Petitioner seeks discovery of "mental health/medical records" from the HCCF. (ECF No. 39 at PageID 1061.) Petitioner also requests production of "all records" from his state criminal case, transcripts from state court hearings, and his medical records from Jackson General Hospital and the Western State Mental Institution. (ECF No. 46 at PageID 1183-85.) Petitioner's requests for discovery are **DENIED**. Petitioner states only that discovery is needed "in the interest of justice." (*Id*. at PageID 1183.) This is insufficient to show good cause for discovery as required under Habeas Rule 6(b). Moreover, the state court record contains the relevant records from Petitioner's underlying criminal case.

**Motion for Extension of Time**

Petitioner moves for an extension of time to send additional responses to Respondent's answer and to submit other exhibits "to prove claims are true." (ECF No. 49 at PageID 1202.) Petitioner does not specify what additional responses or exhibits he intends to submit, nor does he specify how much time is needed to make his additional filings. Petitioner has not shown good cause for an extension, and his motion (ECF No. 49) is **DENIED**.

**Motion for Miscellaneous Relief**

Petitioner asks the Court "to state [that] all motions[,] exhibits[,] [and] evidence ha[ve] been sent to the Attorney General's Office." (ECF No. 51 at PageID 1227.) Petitioner does not explain why he requests verification from the Court. Petitioner is required to serve the parties in this case with pleadings, motions, notices, and certain discovery. *See* Fed. R Civ. P. 5. Further, the attorney representing the Warden has entered an appearance in this case and has requested notice and service of all "pleadings, motions and other papers" in the case. (ECF No. 5.) The Warden's attorney receives electronic notification of all filings in Petitioner's habeas proceeding

13

as attorney of record in this case. The Court has no responsibility to ensure that the Attorney General is served with documents in Petitioner's case. The motion (ECF No. 51) is **DENIED**.

**Motion to Inform the Court**

Petitioner filed a motion in which he seeks to update the Court on the status of his cases that are currently pending in the Tennessee Court of Criminal Appeals and the Hardeman County Circuit Court (ECF No. 52 at PageID 1233.) The Court construes this document as a notice, and it requires no further response from the Court. The Clerk is **DIRECTED** to terminate ECF No. 52 as a motion.

**Sanctions Warning**

The Warden has responded, as directed, to the § 2254 petition, and Petitioner has filed a reply. The instant § 2254 petition is ripe for the Court's review and requires no further briefing or argument.

Petitioner has filed numerous duplicative, redundant, and frivolous motions in this proceeding.[2] Petitioner's conduct constitutes an abuse of the judicial process and wastes judicial resources. The Court will not consider further motions from Petitioner. If Petitioner submits

---

[2] Petitioner filed a series of motions in this case before the Court ordered a response. (*See* ECF Nos. 1-1, 3, 8-14, and 18-21). The Court informed Petitioner in its preliminary screening order that it would not consider further motions from Petitioner until after Respondent filed an answer or response. (ECF No. 22 at PageID 194.) Respondent filed his answer to the § 2254 petition on February 10, 2025. (ECF No. 27.) Petitioner filed two motions (ECF Nos. 29 & 30) on February 10, 2025; one motion (ECF No. 31) on February 14, 2025; four motions (ECF Nos. 32-35) on February 24, 2025; eight motions (ECF Nos. 36-37, 39-44) on February 27, 2025; three motions (ECF Nos. 45-47) on March 3, 2025; two motions (ECF Nos. 48-51) on March 4, 2025; and one motion (ECF No. 52) on March 5, 2025. Petitioner has engaged in similar practices in other lawsuits in this Court. *See Chapman v. Wardlow*, 1:22-1203-STA-jay (ECF No. 59 at PageID 438) (denying 20 pending motions filed before preliminary screening); *Chapman v. Parker*, No. 1:22-cv-1229-SHM-tmp (ECF No. 43 at PageID 564-65, 575) (denying 29 pending motions filed before screening and warning that additional motions filed before an amended complaint would be summarily dismissed); *see id.* (ECF No. 47) (denying additional motions as non-complaint with Court's prior order).

additional motions in violation of this Order, they will be filed for statistical purposes and will be summarily dismissed. If Petitioner files pleadings with "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," the pleading may be stricken. Fed. R. Civ. P. 12(f). Finally, if Petitioner continues in his abuse of the judicial process, the Court may impose sanctions against Petitioner, including a monetary fine.

    **IT IS SO ORDERED**.

                                  s/ S. Thomas Anderson
                                  S. THOMAS ANDERSON
                                  UNITED STATES DISTRICT JUDGE

                                  Date: March 21, 2025