## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | | |
|---|---|---|
| **BILLIE JOE CHAPMAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:24-cv-01106-STA-jay** |
| | ) | |
| **CHANCE LEEDS,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

## ORDER DIRECTING CLERK TO MODIFY DOCKET,
## DENYING *PRO SE* MOTIONS, AND ISSUING SANCTIONS WARNING

Before the Court are three *pro se* motions of Petitioner Billie Joe Chapman, Tennessee Department of Correction prisoner number 633331, an inmate incarcerated at the Hardeman County Correctional Facility (the "HCCF"), in Whiteville, Tennessee.[1]  For the reasons that follow, Petitioner's motions (ECF Nos. 54, 56, & 57) are **DENIED**.

## I.      BACKGROUND & PROCEDURAL HISTORY

On May 7, 2024, Petitioner filed a *pro se* petition under 28 U.S.C. § 2254.  (ECF No. 1.) On preliminary review, the Court construed the § 2254 petition as raising three grounds for relief. (*See* ECF No. 22 at PageID 188.)  The Court determined that Petitioner had failed to state sufficient facts in support of his claim that two state court judges involved in his criminal case should have

---

[1] Demetric Godfrey is now the warden at the HCCF.  *See* Tennessee Department of Correction, Hardeman County Correctional Facility (tn.gov) (last visited September 5, 2025).  The Clerk is **DIRECTED** to record the respondent as Demetric Godfrey and to terminate all references to Chance Leeds and Robert Adams, Jr. on the docket. *See* Fed. R. Civ. P. 25(d); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (explaining that "in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held").

been disqualified.  (*Id.*)  Petitioner had also failed to allege a constitutional violation based on the judges' alleged conflicts.  (*Id.* at PageID 189.)  The Court dismissed Petitioner's claim about the judges' alleged conflicts of interest and ordered Respondent to file a "limited response/answer" addressing Petitioner's remaining two grounds for relief.  (*Id.*)

Respondent filed an answer and the state court record on February 10, 2025.  (ECF Nos. 26-27.)  Respondent argues that Petitioner's remaining two grounds should be dismissed because they are procedurally barred.  (ECF No. 27 at PageID 901-05.)  Petitioner filed a reply to Respondent's answer on February 27, 2025.  (ECF No. 38.)

Petitioner filed 23 motions requesting various forms of relief between February 10, 2025, and March 5, 2025 (the "Pending Motions").  (*See* ECF Nos. 29-37, 39-52.)  On March 21, 2025, the Court entered an order addressing the Pending Motions and issuing the following sanctions warning:

> Petitioner has filed numerous duplicative, redundant, and frivolous motions in this proceeding.   Petitioner's conduct constitutes an abuse of the judicial process and wastes judicial resources.  The Court will not consider further motions from Petitioner.  If Petitioner submits additional motions in violation of this Order, they will be filed for statistical purposes and will be summarily dismissed.  If Petitioner files pleadings with "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," the pleading may be stricken.  Fed. R. Civ. P. 12(f).  Finally, if Petitioner continues in his abuse of the judicial process, the Court may impose sanctions against Petitioner, including a monetary fine.

(ECF No. 53 at PageID 1250-51.)

Petitioner has filed additional motions in defiance of the Court's March 21, 2025 order. Those motions request relief as follows:

(1) **Motion for Recusal** (ECF No. 54): seeking to recuse the undersigned District Judge for "violations of habeas corpus laws" based on the dismissal of Petitioner's previous habeas petition in *Chapman v. Wardlow*, No. 1:22-cv-01203-STA-jay (W.D. Tenn.);

(2) **Motion for Leave to Answer** (ECF No. 56): asking to file a response to Respondent's Supplemental Index of the State Court Record, which adds a decision of the Tennessee

2

Court of Appeals ("TCCA"), affirming the dismissal of Petitioner's state habeas corpus petition;

(3) **Motion for Information & Complaint** (ECF No. 57): asking the Court to "give information and complaint" about Respondent's filing of the TCCA's decision as a supplement to the state court record.

## II.     ANALYSIS OF PENDING MOTIONS

### A.     Motion for Recusal

Petitioner moves for the undersigned District Judge to be recused from the case. (ECF No. 54.) Petitioner cites no statutory authority or caselaw in support of his motion. (*See id*.) Petitioner alleges that the undesigned is "not fair" and is "unable to be trusted" because the Court dismissed Petitioner's previous habeas petition in *Chapman v. Wardlow*, No. 1:22-cv-01203-STA-jay (W.D. Tenn.), after Petitioner failed to file a timely amended § 2254 petition. (*See id*. at PageID 925, 927.) Petitioner made the same allegations in a previous motion for recusal, which the Court denied on March 21, 2025. (*See* ECF Nos. 30 & 53 at PageID 1240-41).

A judge's participation in the proceedings or prior contact with related cases cannot support a demand for recusal. *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). "A judge is presumed to be impartial, and a litigant seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge." *United States v. Adams*, 38 F.3d 1217, 1994 WL 589509, at *2 (6th Cir. 1994).

Petitioner has failed to allege facts sufficient to meet his burden. As he did in his previous motion for recusal, Petitioner argues for recusal based on the Court's dismissal of his § 2254 petition based on failure to prosecute. (*Compare* ECF No. 54 at PageID 1252-53, *with* ECF No. 30 at PageID 925-27.) Petitioner's dissatisfaction with the Court's ruling in another case is insufficient to satisfy the objective standard for recusal. *See Sammons*, 918 F.2d at 599. Petitioner's instant motion for recusal (ECF No. 54) is **DENIED**.

**B.**        **Motion to File Answer & Motion for Information & Complaint**

Petitioner's "Motion for Leave to Answer" seeks to file a response to Respondent's
Supplemental Index of the State Court Record, which added a TCCA decision affirming the
dismissal of Petitioner's state habeas corpus petition.  (ECF No. 56.)   The Court construes
Petitioner's motion as a supplemental reply to Respondent's answer to Petitioner's § 2254 petition.
The Clerk is **DIRECTED** to terminate ECF No. 56 as a pending motion and to docket it as a
supplemental reply to Respondent's Answer at ECF No. 27.

Petitioner's "Motion for Information & Complaint" asks to "give information and
complaint" about Respondent's filing of the TCCA's decision as a supplement to the state court
record.  (ECF No. 57.)  Petitioner argues that the TCCA decision is "not relevant." (*Id*. at PageID
1271.)

When Respondent filed his answer to the § 2254 petition, Petitioner was litigating a state
habeas corpus petition.  (*See* ECF No. 27 at PageID 900.)  Respondent noted the pending litigation
in his answer and later supplemented the state court record with the TCCA's decision affirming
the dismissal of Petitioner's state habeas corpus petition.  (*Id*.; ECF No. 55-1.)  Respondent's
supplemental filing states that "the TCCA's decision has no bearing on the disposition of
[Petitioner's] federal habeas corpus claims."  (ECF No. 55 at PageID 1256.)  Although the TCCA's
decision has no bearing on the disposition of the instant § 2254 petition, it is relevant to the
procedural history of the case.  Petitioner's "Motion for Information & Complaint" (ECF No. 57)
is **DENIED**.

4

### III.   SANCTIONS WARNING

The Warden has responded, as directed, to the § 2254 petition, and Petitioner has filed a reply and a supplemental reply.  The instant § 2254 petition is ripe for the Court's review and requires no further briefing or argument.

Petitioner has filed numerous duplicative, redundant, and frivolous motions in this proceeding.[2]  Petitioner's conduct constitutes an abuse of the judicial process and wastes judicial resources.  The Court will not consider further motions from Petitioner.  If Petitioner submits additional motions in violation of this Order, they will be filed for statistical purposes and will be summarily dismissed.  Additionally, if Petitioner continues in his abuse of the judicial process, the Court may impose sanctions against Petitioner, including a $100 monetary fine per violation.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 8, 2025

---

[2] Petitioner filed a series of motions in this case before the Court ordered a response. (*See* ECF Nos. 1-1, 3, 8-14, and 18-21).  The Court informed Petitioner in its preliminary screening order that it would not consider further motions from Petitioner until after Respondent filed an answer or response.  (ECF No. 22 at PageID 194.)  Respondent filed his answer to the § 2254 petition on February 10, 2025.  (ECF No. 27.)  Petitioner filed two motions (ECF Nos. 29-30) on February 10, 2025; one motion (ECF No. 31) on February 14, 2025; four motions (ECF Nos. 32-35) on February 24, 2025; eight motions (ECF Nos. 36-37, 39-44) on February 27, 2025; three motions (ECF Nos. 45-47) on March 3, 2025; four motions (ECF Nos. 48-51) on March 4, 2025; and one motion (ECF No. 52) on March 5, 2025.  Petitioner has engaged in similar practices in other lawsuits in this Court.  *See Chapman v. Wardlow*, 1:22-1203-STA-jay (ECF No. 59 at PageID 438) (denying 20 pending motions filed before preliminary screening); *Chapman v. Parker*, No. 1:22-cv-1229-SHM-tmp (ECF No. 43 at PageID 564-65, 575) (denying 29 pending motions filed before screening and warning that additional motions filed before an amended complaint would be summarily dismissed); *see id.* (ECF No. 47) (denying additional motions as non-complaint with Court's prior order).